# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| CHARNEE ANDERSON, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:21-cv-01173-HEA |
| CARVANA, | ) |
| Defendant. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on the applications of self-represented plaintiff Charnee Anderson to proceed in the district court without prepaying fees and costs. Having reviewed the applications and the financial information submitted in support, the Court will grant the applications. Additionally, for the reasons discussed below, the Court will direct the Clerk of Court to issue process on defendant Carvana as to plaintiff's claims brought pursuant to the Truth in Lending Act. The Court will dismiss without prejudice plaintiff's claims brought pursuant to the Fair Debt Collection Practices Act.

### Legal Standard on Initial Review

This Court is required to review a complaint filed *in forma pauperis*, and must dismiss it if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*

*v. Iqbal*, 556 U.S. 662, 678 (2009). Although a plaintiff need not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)).

**The Complaint**

Plaintiff brings this action against defendant Carvana under the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601, *et seq.*, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692a, *et seq.* Plaintiff states that she applied for credit from defendant and purchased from defendant a 2020 Hyundai Santa Fe. She states that upon review of her contract, she discovered the finance charge was not properly assessed and the contract was fraudulent. She states further that defendant furnished false and deceptive forms, did not include the right-of-recission disclosure requirement on the contract, and collected an illegal down payment. For relief she seeks $115,636.78 in damages.

**Discussion**

The purpose of the TILA is to provide consumers with meaningful disclosure of credit terms to protect them from unfair credit practices. 15 U.S.C. § 1601(a). The TILA requires creditors to disclose the terms of proposed financing to consumers, including the amount financed, the finance charge, the annual percentage rate, and the total sales price. 15 U.S.C. § 1638(a)(2). Plaintiff alleges defendant violated the TILA's requirements by misrepresenting the finance charge and not including the right-of-recission disclosure. On initial review, the Court accepts these allegations as true and makes all reasonable inferences in plaintiff's favor. *See Jones v. Douglas Cty. Sheriff's Dep't*, 915 F.3d 498, 499 (8th Cir. 2019). Therefore, the Court will direct the Clerk of Court to issue process on defendant Carvana as to plaintiff's TILA claim.

Additionally, plaintiff alleged defendant violated the FDCPA. The FDCPA was enacted for the purpose of eliminating abusive debt collection practices by debt collectors. *See Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LAP*, 559 U.S. 573, 575-77 (2010). The Act prohibits, among other things, "the use or threat of violence, obscene language, publication of shame lists, and harassing or anonymous telephone calls." *See Quinn v. Ocwen Fed. Bank FSB*, 470 F.3d 1240, 1246 (8th Cir. 2006). Debt collectors cannot use false, deceptive, misleading, unfair or unconscionable means to collect or attempt to collect a debt. *Id.* (citing 15 U.S.C. §§ 1692e, 1692f). Here, plaintiff's complaint does not allege that Carvana used any abusive, deceptive, or unfair debt collection practices in collection of plaintiff's debt. Reviewing plaintiff's complaint liberally, there are no factual assertions that plaintiff suffered from any unfair collection practices. For this reason, plaintiff's allegations against Carvana brought pursuant to the FDCPA will be dismissed on initial review.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's applications to proceed in the district court without prepaying fees and costs are **GRANTED**. [ECF Nos. 2 and 4]

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue on defendant Carvana by serving its registered agent at CSC-Lawyers Incorporating Service Company, 221 Bolivar Street, Jefferson City, Missouri 65101.

**IT IS FURTHER ORDERED** that plaintiff's claims brought against defendant pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692a, *et seq.*, are **DISMISSED without prejudice**.

An Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this 14th day of April, 2022.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE