**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| CHARNEE ANDERSON,<br><br>        Plaintiff,<br><br>v.<br><br>CARVANA, LLC,<br><br>        Defendant. | Case No. 4:21-cv-01173-HEA |

**CARVANA'S MOTION TO DISMISS WITH PREJUDICE**

The complaint filed by Plaintiff Charnee Anderson purports to assert two causes of action against Carvana.  First, Plaintiff asserts that Carvana violated Section 1692j(a) and 1692f(6)(A) of the Fair Debt Collection Practices Act ("FDCPA").  [Compl. p. 3 § II; Plaintiff's Affidavit ("Pl's. Aff.) ¶¶ 2, 4, 7 (Doc 1-5).]  Second, Plaintiff asserts that Carvana violated Sections 1611, 1605(a), 1662(2), 1605(a)(5), 1640(a)(2)(A)(i), and 1635(a) of the Truth in Lending Act ("TILA").  [Compl. p. 3 § II; Pl's Aff. ¶¶ 1, 3, 5, 8-9.] Neither states a claim against Carvana.

This Court already dismissed Plaintiff's FDCPA claim.  [April 14, 2022 Opinion, Memorandum and Order ("Opinion") (Doc. 5).]  As this Court found, Plaintiff failed to state a claim under the FDCPA because (1) "plaintiff's complaint does not allege that Carvana used any abusive, deceptive, or unfair debt collection practices in collection of plaintiff's debt," and (2) "there are no factual assertions that plaintiff suffered from any unfair collection practices."  [Opinion at 3 (Doc. 5).]

Carvana thus now moves to dismiss Plaintiff's claims under TILA as Plaintiff's TILA allegations similarly fail to state a claim.  For example, Plaintiff asserts that Carvana violated TILA Section 1611.  [Pl's. Aff. ¶ 1.]  But Section 1611 "does not support a private

civil cause of action."   *Parker v. Bridgecrest Credit Co., LLC*, Civil Action No. 6:21-cv-1628-TMC, 2021 U.S. Dist. LEXIS 172107, at *7 n.2 (D.S.C. Sep. 10, 2021) (dismissing plaintiff's claim under 15 U.S.C. § 1611 because "Section 1611. . . does not support a private civil cause of action").

Similarly, Plaintiff asserts that Carvana violated TILA by taking a down payment for the purchase of a vehicle.  [Compl. at p. 5, § V.]  But down payments are a common aspect of vehicle purchase transactions, contemplated and permitted by TILA.  *Holloway v. Auto. Promotion Consultants, LLC*, No. SA-20-CV-01023-XR, 2021 U.S. Dist. LEXIS 84920, at *13 (W.D. Tex. May 3, 2021) ("TILA and Regulation Z specifically contemplate the use of . . . downpayments[] . . . in consumer credit transactions."); *see also infra* Argument Section C.

Carvana addresses below the fatal deficiencies in each section of TILA that Plaintiff relies on in her Complaint and related filings.  For these reasons and as set forth more fully below, Plaintiff's TILA claim should be dismissed with prejudice.

## Background and Plaintiff's Allegations

The facts set forth herein are taken directly from the allegations in Plaintiff's Complaint and the accompanying documents, and are accepted as true solely for purposes of this motion.  *See, e.g., Schaaf v. R.F.C*, 517 F.3d 544, 549 (8th Cir. 2008).

Plaintiff entered into a contract with Carvana for the purchase and finance of a vehicle.  [Compl. at p. 4, ¶ A-B.]  In connection with her purchase, Plaintiff entered into a Retail Installment and Security Agreement (the "Agreement") with Carvana.  [Exs. A-D to Compl.]

The first page of the Agreement, directly under the heading "Truth-In-Lending Disclosure," provides the (1) Annual Percentage Rate, (2) Finance Charge, (3) Amount Financed, (4) Total of Payments, and (5) Total Sales Price.  [*Id.* at Ex. A.]

| Truth-In-Lending Disclosure | | | | |
|---|---|---|---|---|
| **Annual Percentage Rate** The cost of your credit as a yearly rate. | **Finance Charge** The dollar amount the credit will cost you. | **Amount Financed** The amount of credit provided to you or on your behalf. | **Total of Payments** The amount you will have paid when you have made all scheduled payments. | **Total Sale Price** The total cost of your purchase on credit, including your down payment of $ 400.00 . |
| 11.916 % | $ 12,661.27 | $ 31,257.12 | $ 43,918.39 | $ 44,318.39 |

The Agreement further explains that Plaintiff was not required to purchase insurance through Carvana, and was instead "free to insure [her] Property with whatever licensed company, agent or broker [she] may choose . . . ." [*Id.* at Ex. B.] Indeed, Plaintiff did not purchase property insurance from Carvana. [*Id.* (listing "insurance premiums paid to insurance company(ies)" as "$0.00"); *id.* (listing all insurance coverages offered by Carvana as "N/A/").]

Plaintiff's description of her TILA claim provides:

"There has been several violations pertaining to the finance charge. The finance charge on the contact was not the sum of all charges and did not include the auto insurance premium. Carvana, willfully and knowingly furnished false and deceptive forms. Carvana did not include the right of recession that is required when a purchase takes place in a consumer credit transaction. Carvana took a down payment that is not legal in a consumer credit transaction. With all the violation from the 'Retail Installment contract' and the filing of this case, Carvana is liable for $115,636.78 in damages."

[Compl. at p. 5, § V.]

Plaintiff also submitted an affidavit largely restating the allegations in the Complaint and referencing sections of TILA that Carvana allegedly violated. [*See generally* Pl's. Aff. (Doc 5-1).] Each section of Plaintiff's TILA claim is addressed separately below.

<u>**Argument**</u>

To withstand a motion to dismiss under Rule 12(b)(6), a plaintiff must proffer "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint must "contain sufficient factual matter, accepted

as true, to 'state a claim to relief that is plausible on its face.'"  *Id*.  In evaluating the sufficiency of a complaint, the Court does not accept as true "legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations."  *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002).

Additionally, "[i]n evaluating a motion to dismiss, a 'court may consider the pleadings themselves, materials embraced by the pleadings, exhibits attached to the pleadings, and matters of public record.'"  *Lift Truck Lease & Serv., Inc. v. Nissan Forklift Corp.*, No. 4:12-CV-153 CAS, 2012 U.S. Dist. LEXIS 127138, at *6 (E.D. Mo. Sep. 7, 2012); *see also Stahl v. U.S. Dept. of Agric.*, 327 F.3d 697, 700 (8th Cir. 2003) ("In a case involving a contract, the court may examine the contract documents in deciding a motion to dismiss.").  If a plaintiff's allegations are contradicted by such materials, "the document controls and the court need not accept as true the inconsistent allegations in the complaint."  *Bohan v. Honeywell Int'l, Inc.*, Civ. No. 02-612 (JEL/JGL), 2002 U.S. Dist. LEXIS 25385, at **4–5 (D. Minn. Dec. 9, 2002); *McCarty v. Dana Holding Corp.*, No. 4:08-CV-690 (CEJ), 2008 U.S. Dist. LEXIS 90689, at *8 (E.D. Mo. Nov. 7, 2008) ("We are not required to accept as true conclusory allegations which are contradicted by documents referred to in the Complaint.") (*citing Yellen v. Hake*, 437 F. Supp. 2d 941, 954 (S.D. Iowa 2006)).

### A.    15 U.S.C. § 1611 Provides No Private Right Of Action.

Plaintiff alleges that "Carvana is [] criminally liable pursuant to 15 U.S. Code § 1611 [because it] willfully and knowing[ly] create[d] forms that do[] not fully disclose the Truth in Lending disclosures."  [Pl's. Aff. ¶ 1 (Doc 1-5).]  Section 1611, however, "does not create a private cause of action."  *Timm v. Wells Fargo Bank, N.A.*, 701 F. App'x 171, 175 (3d Cir. 2017); *Parker*, 2021 U.S. Dist. LEXIS at *7 n.2 ("Section 1611 imposes criminal penalties for willful and knowing TILA violations; it does not support a private civil cause of action.").

Not only is Plaintiff's Section 1611 claim legally futile, but it also fails to allege any facts purportedly showing that the Agreement is false or misleading.  Plaintiff observes only that her required monthly payment is $610, and that her vehicle purchase required that she make a down payment.  [Pl's. Aff. ¶ 1.]  Plaintiff failed to indicate what was allegedly false or misleading about the $610 payment or the initial down payment.  *Zimmerman v. Logemann*, No. 09-cv-210-slc, 2009 U.S. Dist. LEXIS 111411, at \*\*12–15 (W.D. Wis. Nov. 30, 2009) (holding that "plaintiffs' claim under the Truth in Lending Act must be dismissed for plaintiffs' failure to comply with Rule 8" because plaintiffs "do not identify what defendants failed to do or disclose that was required by the act"); *Hargrove v. WMC Mortg. Corp.*, CIVIL ACTION No. 07-2468, 2008 U.S. Dist. LEXIS 67727, at \*6 (S.D. Tex. Aug. 29, 2008) ("Plaintiffs have failed to identify which of the numerous TILA disclosure requirements were allegedly violated by WMC, a deficiency that warrants dismissal of their TILA claims."); *see also infra* Argument Section C (explaining that down payments are permitted by TILA).]

B.    **Carvana Properly Disclosed The Finance Charge In Accordance With 15 US.C. § 1605(a).**

Plaintiff next asserts that Carvana "is in violation of 15 U.S. Code § 1605(a) by not properly using the finance charge as the sum of all charges," claiming instead that "[t]he finance charge was only calculated as the annual percentage rate in this consumer credit transaction."  [Pl's. Aff. ¶ 3 (Doc. 1-5).]

Carvana's disclosure of the finance charge (as well as other pertinent information), however, tracks the model finance charge disclosure provided pursuant to Section 1026.18 of Regulation Z—TILA's implementing regulation:

**Carvana's Disclosure**

| Truth-In-Lending Disclosure | | | | |
|---|---|---|---|---|
| **Annual Percentage Rate** <br> The cost of your credit as a yearly rate. | **Finance Charge** <br> The dollar amount the credit will cost you. | **Amount Financed** <br> The amount of credit provided to you or on your behalf. | **Total of Payments** <br> The amount you will have paid when you have made all scheduled payments. | **Total Sale Price** <br> The total cost of your purchase on credit, including your down payment of <br> $ 400.00 |
| 11.916 % | $ 12,661.27 | $ 31,257.12 | $ 43,918.39 | $ 44,318.39 |

**Model Disclosure**

# H-1–Credit Sale Model Form

| ANNUAL PERCENTAGE RATE <br> The cost of your credit as a yearly rate. | FINANCE CHARGE <br> The dollar amount the credit will cost you. | Amount Financed <br> The amount of credit provided to you or on your behalf. | Total of Payments <br> The amount you will have paid after you have made all payments as scheduled. | Total Sale Price <br> The total cost of your purchase on credit, including your downpayment of <br> $ |
|---|---|---|---|---|
| % | $ | $ | $ | $ |

[*Compare* Ex. A to Compl. *with* TILA H-1 — Credit Sale Model Form, available at https://www.consumerfinance.gov/rules-policy/regulations/1026/h/#cadb6b99832c15f25 1e1537c03ca5c32107d9830261fab00d01083c3.]

Specifically, with respect to the disclosure of the "finance charge," TILA requires only that the creditor "disclose the finance charge as a dollar amount, using the term *finance charge,*" and include a brief description such as "the dollar amount the credit will cost you."  12 C.F.R. § 1026.18(d); CFPB Comment to 12 C.F.R. § 1026.18(d), available at https://www.consumerfinance.gov/rules-policy/regulations/1026/interp-18/#18-c-1-iv-Interp-2.

Plaintiff's Complaint and accompanying documents make plain that Carvana did exactly as TILA requires.  The Agreement prominently disclosed the finance charge (1) as a dollar amount, (2) using the term "finance charge," and (3) explaining the charge was "[t]he dollar amount the credit will cost you."  [Ex. A to Compl.]

Plaintiff has not alleged how this disclosure was inaccurate or why Carvana's

compliance with the Consumer Financial Protection Bureau's model form provides a basis for a claim under TILA.  *See Santos-Rodriguez v. Doral*, 485 F.3d 12, 16 n.5 (1st Cir. 2007) ("[T]here is statutory and case law support for the proposition that the model forms provide lenders a safe harbor protection whereby 'adherence to a model form bars a TILA nondisclosure claim entirely.'").  Accordingly, Plaintiff has not stated a claim under 15 U.S.C. § 1605(a).  *See McCarty*, 2008 U.S. Dist. LEXIS 90689, at *8 (stating that courts do not accept allegations contradicted by documents referenced in the complaint) (*citing Yellen*, 437 F. Supp. 2d at 954).

      **C.**     **15 U.S.C. § 1662(2) Does Not Prohibit Down Payments.**

Plaintiff also asserts "that Carvana is in violation of 15 U.S. Code § 1662(2) by requiring a down payment of $400 to be paid by Charnee Anderson."  [Pl's. Aff. ¶ 5 (Doc. 1-5).]  But "TILA and Regulation Z specifically contemplate the use of . . . downpayments[] . . . in consumer credit transactions."  *Holloway v. Auto. Promotion Consultants, LLC*, No. SA-20-CV-01023-XR, 2021 U.S. Dist. LEXIS 84920, at *13 (W.D. Tex. May 3, 2021); *see also, e.g.*, 12 C.F.R. § 1026.2(a)(18) (defining "down payment"); 15 U.S.C. § 1638 (discussing down payments).

The statute on which Plaintiff relies (15 U.S.C. § 1662) does not prohibit down payments; indeed, it relates solely to advertisements.  The statute provides that "[n]o advertisement to aid, promote, or assist directly or indirectly any extension of consumer credit may state . . . that a specified downpayment is required in connection with any extension of consumer credit, unless the creditor usually and customarily arranges downpayments in that amount."  15 U.S.C. § 1662(2).

Here, Plaintiff's Complaint does not even identify an advertisement by Carvana, let alone one that specifies a required down payment.  [*See generally* Compl.]  "[A] single cursory and conclusory allegation, which does not even describe any advertising practices, does not suffice to state a plausible claim under [15 U.S.C. § 1662(2)]."  *Hudson v. Scharf*, No. C21-5827JLR, 2022 U.S. Dist. LEXIS 14440, at *4 n.1 (W.D. Wash. Jan. 26, 2022);

*Garza v. Chicago Health Clubs, Inc.*, 329 F. Supp. 936, 941 (N.D. Ill. 1971) (dismissing § 1662 claim where plaintiff made "no reference to [defendant's] credit advertising practices nor asserts any facts which touch this subject.").

>    **D.**    **The Non-Existent Insurance Premium Was Properly Excluded From The Finance Charge Under 15 U.SC. § 1605(a)(5).**

Plaintiff also alleges that Carvana violated "15 U.S. Code § 1605(a)(5) by not including the insurance premium in the finance charge." [Pl's. Aff. ¶ 6.]  In support of this claim, Plaintiff asserts that "[n]o insurance options were provided and Carvana made it a requirement that [Plaintiff] provide[] her own insurance prior to the delivery of the vehicle." [*Id.*]

The disclosure of insurance costs, however, is subject to two exceptions, both of which are applicable here.  First, "the cost of insurance must be disclosed ***if and only if*** the insurance is purchased from or through the creditor." *Stump v. WMC Mortg. Corp.*, No. 02-326, 2005 U.S. Dist. LEXIS 4304, at *18 (E.D. Pa. Mar. 16, 2005) (emphasis added); 12 C.F.R. § 1026.4(d)(2)(ii) (The "premium for the initial term of insurance coverage shall be disclosed" only if "coverage is obtained from or through the creditor.").  Second, insurance costs "may be excluded from the finance charge if . . . [t]he insurance coverage may be obtained from a person of the consumer's choice, and this fact is disclosed."  12 C.F.R. § 1026.4(d)(2)(i); CFPB Comment to 12 C.F.R. § 1026.4(d), available at https://www.consumerfinance.gov/rules-policy/regulations/1026/interp-4/  (stating that property insurance premiums can be excluded from the finance charge if the creditor "allow[s] the consumer to choose the insurer and disclose[s] that fact.").

Here, Plaintiff did not obtain insurance through Carvana.  [Pl's. Aff. ¶ 6 (asserting that Plaintiff obtained her own insurance); Ex. B to Compl. (listing "insurance premiums paid to insurance company(ies)" as "$0.00"); *id.* (listing all insurance coverages offered by Carvana as "N/A/").]  And the Agreement informed Plaintiff that she was "free to insure [her] Property with whatever licensed company, agent or broker [she] may choose . . . ."

[Ex. B to Compl.]  Carvana thus was not required to include any insurance premium in the finance charge, nor was there any insurance premium to include.  *See, e.g.*, *Arnett v. Bank of Am., N.A.*, 874 F. Supp. 2d 1021, 1038 (D. Or. 2012) (holding that lender was "not required to include the cost of flood insurance premiums in the finance charge" because the agreement provided that insurance could be obtained from "anyone that is acceptable to the creditor").

> **E.      15 U.S.C. § 1635(a) Does Not Apply When A Security Interest Is Retained In A Vehicle.**

Plaintiff's next allegation is that Carvana violated "15 U.S. Code § 1635(a) by not providing [Plaintiff] with right of rescission information/forms."  [Pl's. Aff. ¶ 9.]  A rescission disclosure, however, is only required in a "credit transaction in which a security interest is or will be retained or acquired *in a consumer's principal dwelling*."  12 C.F.R. § 1026.23(a)(1) (emphasis added); 15 U.S.C. § 1635(a) (requiring a rescission notice only "in the case of any consumer credit transaction . . . in which a security interest . . . is or will be retained or acquired in any property which is used as the principal dwelling of the person to whom credit is extended[] . . . .").

Here, Carvana acquired a security interest only in Plaintiff's vehicle.  [Ex. A to Compl. ("**Security**. You are giving us a security interest in the Property purchased."); *id.* (describing the Property as the 2020 Hyundai Santa Fe).]  Indeed, Plaintiff does not even identify her principal dwelling or allege that Carvana obtained a security interest in it.  [*See generally* Compl.]  Carvana was thus not required to provide Plaintiff "with right of rescission information/forms," and Plaintiff's claim fails as a matter of law.  *See Jeffries v. Wells Fargo Bank, NA*, No. 10-cv-5889, 2011 U.S. Dist. LEXIS 121405, at *13 (N.D. Ill. Oct. 19, 2011) ("[Plaintiff] is not entitled to rescind the contract under 15 U.S.C. § 1635 because the contract was secured by the vehicle rather than real property that Jeffries used as her principal dwelling."); *Hardaway v. Toyota Fin. Servs.*, No. 4:21-cv-194-KPJ, 2022 U.S. Dist. LEXIS 18974, at **6–7 (E.D. Tex. Feb. 2, 2022) (dismissing plaintiff's TILA

claim because "Plaintiff's allegations relate solely to his purchase of the Vehicle, which Plaintiff does not allege gave rise to a security interest in Plaintiff's principal dwelling"); *Davis v. Bridgecrest Acceptance Corp.*, No. 4:21-cv-0554-NKL, 2022 U.S. Dist. LEXIS 66279, at *9 (W.D. Mo. Apr. 11, 2022) (similar).

### F.      Plaintiff's Other Allegations Fail To State A Claim.

Plaintiff's Complaint also mentions 15 U.S.C. § 1640.  [Pl's. Aff. ¶ 8.]  This statute only concerns damages for certain TILA violations, and does not provide an independent cause of action.  *See* 15 U.S.C. § 1640 (discussing "damages; amount of award; factors determining award amount).  Plaintiff's damage allegation is flawed in numerous respects, but as Plaintiff has failed to state a TILA claim, Carvana will not unnecessarily burden the Court or the parties with further briefing on this issue.

### G.      Plaintiff's Claims Should Be Dismissed With Prejudice.

Dismissal with prejudice is appropriate where amendment would be futile.  *See Knowles v. TD Ameritrade Holding*, 2 F.4th 751, 758 (8th Cir. 2021).  Here, Plaintiff's claims are legally and factually defective.  No amendment can change that 15 U.S.C. § 1611 does not support a private cause of action, that down payments are permitted by TILA, or the other defects described above.  [*Supra* Argument Sections A-F.]  Plaintiff's Complaint should thus be dismissed with prejudice.

### Conclusion

For the foregoing reasons, Carvana requests that the Court dismiss this matter with prejudice.

- 11 -

Respectfully submitted,

**GM Law PC**

By: */s/ David B. Helms*
David B. Helms #48941(MO)
8000 Maryland Avenue, Suite 1060
Saint Louis, MO 63105
(314) 474-5145 (Telephone)
(816) 471-2221 (Facsimile)
Davidh@gmlawpc.com
***Attorney for Defendant***

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of June 2022, a copy of the foregoing was e-filed with the Court's electronic filing system, which sent notice of the filing to all counsel of record.


/s/ *David B. Helms*
***Attorney for Defendant***