RECEIVED
JUL 12 2022
U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MISSOURI

EASTERN DIVISON

CHARNEE ANDERSON,                                          Case No. 4:21-cv-01173-HEA

    Plaintiff

v.

CARVANNA, LLC,

    Defendant

# RESPONSE TO CARVANA'S MOTION TO DISMISS

    Pursuant to your Rule of Civil Procedures, The Plaintiff moves this court to deny the Motion to Dismiss by the defendant council. The Plaintiff respectfully demand that the court follows the Rule of Evidence 201 (e) and allow this woman to be heard. The alleged grounds for the Motion to Dismiss under 12 (b) (6) are based on presumption and assumptions and are not based in equity. Statement of the council are not sufficient for the Motion to Dismiss based on the council not being present during the consumer credit transaction that took place. All assumptions of the council must be dismissed for lack of standing.

    The court will notice that the council never addressed the administrative process conducted by an officer of the state and/ or a notary republic, and has no defense as to the validity of, and substance of its contents. An unrebutted affidavit stands as truth. The Affidavit submitted by the plaintiff stand as truth. The Affidavit was not properly rebutted by the council of the defendant. The council of the defendant CANNOT rebut an affidavit without having a first hand encounter to the consumer credit transaction that took place. "Indeed, no more than an affidavit is necessary to make the Prima Facie case. (United States v. Kis, 658F.2nd, 526, 536 (7th Cir. 1981); Cert. Denied, 50 U.S. L.W.2169; S. Ct. March 22, 1982

    The council of the defendant stated that the Motion to Dismiss to solely determined based on the allegations that the Plaintiff did not state a claim. The council of the defendants then goes on to reiterate the Plaintiff stated claim [p.3 of Motion to Dismiss.] The plaintiff clearly stated a claim.

**Background and Defendants Allegations**

The facts set forth herein are taken directly from the allegations in Plaintiffs complaint and the accompanying documents and are accepted as solely true for the purposes of this Motion. [compl. at p.2]

Plaintiff entered in to a allege contract with Carvana for the purchase and finance of a vehicle. In connection with the purchase, Plaintiff entered in to a False and misleading Retail Installment and Security Agreement (the "Agreement") with Carvana. [Exs. A-D to Compl.]

The First page of the agreement, directly under the heading "Truth in Lending Disclosures," provides (1) Annual Percentage rate, (2) Finance Charge, (3) Amount Financed, (4) Total of payments, (5) Total sales Price. [id at Ex. A.]. However, the finance charge is not properly calculated pursuant to 15 U.S. Code § 1605 (a) as the sum of all charges. The Finance charge is ONLY calculated as the Annual Percentage Rate. That is NOT the correct finance charge.

The Agreement further explains that the Plaintiff was not required to purchase insurance through Carvana and was instead "free to insure [her] property with whatever licensed company, agent or broker [she] may choose...."Id. at ex. B.] Indeed, the Plaintiff did not purchase property insurance from Carvana. [id (listing "insurance premiums paid to insurance company(ies) as $0.00); id (listing all insurance coverages offered by Carvana as "N/A").]--- FALSE: Carvana never offered the plaintiff any accident insurance premiums during the consumer credit transaction. Carvana only offered GAP insurance. Gap insurance only covers the vehicle is the vehicle is Totaled or stolen (Pursuant to Black's Law dictionary 11th edition, "Gap Insurance: This insurance only springs into action if the property is stolen or seriously damaged". The Plaintiff was required to obtain [her] own accident insurance through another company before t he vehicle could be delivered. Carvana should have provided the Plaintiff with a list of qualified insurance agencies to choose from to cove the vehicle being purchased and that fee should have been included in the finance charge pursuant to 15 U.S. Code § 1605 (a)(5).

### Argument

The plaintiff has submitted FACTS and not assumption in the original complaint. The council of the defendant have only stated assumptions in their Motion to Dismiss. The plaintiff affidavit remains unrebutted, the Plaintiff respectfully demand that the court takes that into full consideration and move this case forward.

### Claim

The defendant failed to provide the Plaintiff with FULL TILA Disclosers during a consumer credit transaction. The defendant DID NOT abide by the finance charge pursuant to 15 U.S. Code §1605 by making the finance charge the sum of ALL charges and not including the insurance premium. The defendant failed to CLEARLY disclose the right to rescind. It should CLEARLY state RIGHT OF RECISSION. The plaintiff purchased the vehicle on credit and the

defendant took cash in a credit transaction. The transaction has to be cash or credit, NO BOTH. It is the defendant duty to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices 15 U.S. Code §1601. The plaintiff is seeking the remedy of $115,636.78 as stated in the original complaint. The plaintiff also seek that this contract deemed as fraud and release free and clear with the removal lien placed by defendant from title.

## Conclusion

For foregoing reason, CHARNEE ANDERSON ask that the court dismiss the defendant's motion and allow this case to be heard. This vehicle was purchased with credit and no loan was ever given. As a consumer I (Plaintiff) participated in a consumer credit transaction 15 U.S. Code 1602(i) in which my credit card was provided 15 U.S. Code § 1602(l). I extended credit as the creditor to the defendant.

IN WITNESS WHEREOF, the said party has signed and sealed these presents the day and year first above written.

Signed, sealed and delivered in the presence of:     CHARNEE ANDERSON

Signature _____

STATE OF Missouri
COUNTY OF Saint Louis

I HEREBY CERTIFY that on this day before me, an officer duly qualified to take acknowledgments, personally appeared CHARNEE ANDERSON, who is personally known to me or who has produced United States Passport Card as identification and who executed the foregoing instrument and he/she acknowledged before me that he/she executed the same.