UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHARNEE ANDERSON,<br><br>        Plaintiff,<br><br>v.<br><br>CARVANA, LLC<br><br>        Defendant. | Case No. 4:21-cv-01173-HEA |

**CARVANA'S REPLY IN SUPPORT OF MOTION TO DISMISS WITH PREJUDICE
AND
RESPONSE TO PLAINTIFF'S MOTION FOR A MORE DEFINITE STATEMENT**

      This Court previously dismissed Plaintiff's Fair Debt Collections Practices Act ("FDCPA") claim after finding, among other things, that "plaintiff's complaint does not allege that Carvana used any abusive, deceptive, or unfair debt collection practices in collection of plaintiff's debt."  [April 14, 2022 Opinion, Memorandum and Order ("Opinion") (Doc. 5).]  Plaintiff's Truth in Lending Act ("TILA") claim, the only other claim in Plaintiff's Complaint, similarly fails to allege any statutory violations and should be dismissed.

      Plaintiff's response continues to maintain that Carvana violated TILA because Carvana allegedly (1) calculated the "[f]inance charge . . . ONLY . . . as the Annual Percentage Rate," (2) took a down payment in "cash in a credit transaction," (3) excluded "the insurance premium" from the finance charge, and (4) failed to "disclose the right to rescind."  [Pl's. Resp. at 2–3.]

1

As set forth in Carvana's motion and explained further below, however, Carvana's TILA disclosure tracks the model finance charge disclosure provided pursuant to Section 1026.18 of Regulation Z.  [Carvana's Motion to Dismiss ("Mot.") at 5–7 (Doc. 9).] Contrary to Plaintiff's assertions, and consistent with TILA, Carvana disclosed the finance charge (1) as a dollar amount, (2) using the term "finance charge," and (3) explained the charge was "[t]he dollar amount the credit will cost you."  [Ex. A to Compl.; *infra* Section A.1.]  Carvana was not required to include insurance premiums in the finance charge because, among other things, Plaintiff admitted she did not purchase insurance from Carvana.  [Pl's. Resp. at 2 (Doc. 11) (admitting that Plaintiff purchased "insurance through another company before the vehicle could be delivered").]

Moreover, as in countless other vehicle sales, Carvana was permitted to take a down payment in connection with the purchase of Plaintiff's vehicle.  [*Infra* Section A.2.]  And Carvana was not required to provide "right of rescission information/forms," because Carvana did not obtain a security interest in Plaintiff's dwelling.  *See* 15 U.S.C. § 1635(a) (requiring a rescission notice only "in the case of any consumer credit transaction . . . in which a security interest . . . is or will be retained or acquired in any property which is used as the principal dwelling of the person to whom credit is extended[] . . . .").

Plaintiff's response does not, and cannot, address the legal defects in her claims. [*Infra* Sections A.1–A.5.]  Nor can Plaintiff's Rule 12(e) motion for a more definite statement provide a cure because it is procedurally improper and untethered to the matters in dispute.  [Plaintiff's 12(e) Motion (Doc. 12); *infra* Section C.]  For example, Plaintiff's 12(e) motion seeks a "[d]ebt validation pursuant to 15 U.S. Code 1692g," but Section 1692g is part of the FDCPA, and this Court already dismissed Plaintiff's FDCPA claim. [*See* Opinion.]

For these reasons and as further explained below, Plaintiff's Complaint should thus be dismissed with prejudice.

**Argument**

A. **Plaintiff's Substantive Arguments Fail Under TILA And The Plain Language Of The Agreement.**

1. **Carvana Disclosed The Finance Charge Consistent With 15 U.S.C. § 1605(a).**

Plaintiff alleges that Carvana violated 15 U.S.C. § 1605(a) by failing to calculate the finance charge "as the sum of all charges," and instead calculating the "[f]inance charge . . . ONLY . . . as the Annual Percentage Rate." [Pl's. Resp. at 2.]

As explained in Carvana's motion (at 5–7), Carvana's finance charge disclosure tracks the model finance charge disclosure under Section 1026.18 of Regulation Z—TILA's implementing regulation. [*Compare* Ex. A to Compl. *with* TILA H-1 — Credit Sale Model Form, available at https://www.consumerfinance.gov/rules-policy/regulations/1026/h/#cadb6b99832c15f251e1537c03ca5c32107d9830261fab00d01083c3.] As required by Regulation Z, Carvana disclosed the finance charge (1) as a dollar amount, (2) using the term "finance charge," and (3) explained the charge was "[t]he dollar amount the credit will cost you." [Ex. A to Compl.]; 12 C.F.R. § 1026.18(d); CFPB Cmt. to 12 C.F.R. § 1026.18(d), available at https://www.consumerfinance.gov/rules-policy/regulations/1026/interp-18/#18-c-1-iv-Interp-2.; *Santos-Rodriguez v. Doral*, 485 F.3d 12, 16 n.5 (1st Cir. 2007) ("[T]here is statutory and case law support for the proposition that the model forms provide lenders a safe harbor protection whereby 'adherence to a model form bars a TILA nondisclosure claim entirely.'").

Plaintiff's response does not address these defects. Instead, Plaintiff states only that the "[f]inance charge is ONLY calculated as the Annual Percentage Rate. That is NOT the correct finance charge." [Pl's. Resp. at 2.] But Plaintiff's conclusory allegations, contradicted by documents attached to Plaintiff's Complaint, fail to state a claim. *McCarty*, 2008 U.S. Dist. LEXIS 90689, at *8 ("We are not required to accept as true conclusory

allegations which are contradicted by documents referred to in the Complaint."). Plaintiff's Section 1605(a) claim must be dismissed.

### 2. Down Payments Are Permitted Under TILA.

Plaintiff formerly argued (at Pl's. Aff. ¶ 5 (Doc. 1-5)) that Carvana violated 15 U.S.C. § 1662(2) by requiring a down payment. As Carvana explained in its motion, however, Section 1662 relates solely to advertisements, and thus is inapplicable here. [*See* Mot. at 7–8 (discussing Section 1662's inapplicability)]; *see also Hudson v. Scharf*, No. C21-5827JLR, 2022 U.S. Dist. LEXIS 14440, at *4 n.1 (W.D. Wash. Jan. 26, 2022) ("[A] single cursory and conclusory allegation, which does not even describe any advertising practices, does not suffice to state a plausible claim under [15 U.S.C. § 1662(2)].").

Plaintiff's response fails to address this defect. In fact, it does not discuss Section 1662 at all. [*See generally* Pl's. Resp.] Instead, Plaintiff simply asserts that the vehicle transaction "ha[d] to be cash or credit, NO [sic] BOTH," and thus Carvana allegedly violated TILA by taking "cash in a credit transaction." [*Id.* at 2–3.]

"TILA and Regulation Z," however, "specifically contemplate the use of . . . downpayments[] . . . in consumer credit transactions." *Holloway v. Auto. Promotion Consultants, LLC*, No. SA-20-CV-01023-XR, 2021 U.S. Dist. LEXIS 84920, at *13 (W.D. Tex. May 3, 2021); 12 C.F.R. § 1026.2(a)(18) (defining "down payment"); 15 U.S.C. § 1638 (discussing down payments). And a plaintiff cannot state a claim by merely claiming a TILA violation without factual or legal support. *See Hargrove v. WMC Mortg. Corp.*, CIVIL ACTION No. 07-2468, 2008 U.S. Dist. LEXIS 67727, at *6 (S.D. Tex. Aug. 29, 2008) ("Plaintiffs have failed to identify which of the numerous TILA disclosure requirements were allegedly violated . . . a deficiency that warrants dismissal of their TILA claims."). Plaintiff's down payment allegations, whether viewed under Section 1662 or otherwise, thus fail to state a claim.

### 3. The Non-Existent Insurance Premium Was Properly Excluded From The Finance Charge Under 15 U.S.C. § 1605(a)(5).

Plaintiff again argues that Carvana violated "15 U.S. Code § 1605 by . . . not including the insurance premium" in the finance charge. [Pl's. Resp. at 2.] Plaintiff's response, however, admits that she did not purchase insurance through Carvana, but instead obtained her "own accident insurance through another company before the vehicle could be delivered." [*Id.*]

As previously explained, the cost of insurance must be disclosed "***if and only if*** the insurance is purchased from or through the creditor." *Stump v. WMC Mortg. Corp.*, No. 02-326, 2005 U.S. Dist. LEXIS 4304, at *18 (E.D. Pa. Mar. 16, 2005) (emphasis added); 12 C.F.R. § 1026.4(d)(2)(ii) (The "premium for the initial term of insurance coverage shall be disclosed" only if "coverage is obtained from or through the creditor."). Further, insurance costs "may be excluded from the finance charge if . . . [t]he insurance coverage may be obtained from a person of the consumer's choice, and this fact is disclosed." *Id.* at § 1026.4(d)(2)(i).

Plaintiff did not obtain insurance from Carvana. [Pl's. Resp. at 2 ("plaintiff did not purchase property insurance from Carvana"); Ex. B to Compl. (listing "insurance premiums paid to insurance company(ies)" as "$0.00"); *id.* (listing all insurance coverages offered by Carvana as "N/A/").] Further, the Retail Installment and Security Agreement (the "Agreement") informed Plaintiff that she was "free to insure [her] Property with whatever licensed company, agent or broker [she] may choose . . . ." [*Id.*] Accordingly, Carvana was not required to include any insurance premium in the finance charge, nor was there any insurance premium to include. *See, e.g.*, *Arnett v. Bank of Am., N.A.*, 874 F. Supp. 2d 1021, 1038 (D. Or. 2012) (holding that lender was "not required to include the cost of . . . insurance premiums in the finance charge" because the agreement provided that insurance could be obtained from "anyone . . . acceptable to the creditor").

5

Plaintiff also asserts that Carvana violated Section 1605(a) by failing to provide her "with a list of qualified insurance agencies to choose from." [Pl's. Resp. at 2.]  But TILA does not require Carvana to provide Plaintiff with a list of qualified insurers.  Rather, to exclude the insurance premium from the finance charge, Carvana was only required to inform Plaintiff that she could select the insurer of her choice.  *See* 12 C.F.R. § 1026.4(d)(2)(i); CFPB Cmt. to 12 C.F.R. § 1026.4(d), available at https://www.consumerfinance.gov/rules-policy/regulations/1026/interp-4/ (stating that property insurance premiums can be excluded from the finance charge if the creditor "allow[s] the consumer to choose the insurer and disclose[s] that fact.").  Carvana satisfied this requirement.  [*See, e.g.,* Ex. B to Compl. (stating that Plaintiff was "free to insure [her] Property with whatever licensed company, agent or broker [she] may choose").]  Plaintiff's Section 1605 claim thus fails.

    **4.**    **There Is No Right To Rescind Under 15 U.S.C. § 1635(a) When A Security Interest Is Taken In A Vehicle.**

Plaintiff also asserts that Carvana violated TILA because it "failed to CLEARLY disclose the right to rescind." [Pl's. Resp. at 2.]  But a consumer has rescission rights only in "credit transaction[s] in which a security interest is or will be retained or acquired *in a consumer's principal dwelling*." 12 C.F.R. § 1026.23(a)(1) (emphasis added); 15 U.S.C. § 1635(a) (requiring a rescission notice only "in the case of any consumer credit transaction . . . in which a security interest . . . is or will be retained or acquired in any property which is used as the principal dwelling of the person to whom credit is extended[] . . . .").

Here, Carvana acquired a security interest in Plaintiff's vehicle, not her principal dwelling, and thus was not required to provide Plaintiff "with right of rescission information/forms." [*See* Ex. A to Compl. ("**Security**. You are giving us a security interest in the Property purchased."); *id.* (describing the Property as the 2020 Hyundai Santa Fe)]; *Jeffries v. Wells Fargo Bank, NA*, No. 10-cv-5889, 2011 U.S. Dist. LEXIS 121405, at *13 (N.D. Ill. Oct. 19, 2011) ("[Plaintiff] is not entitled to rescind the contract under 15 U.S.C.

§ 1635 because the contract was secured by the vehicle rather than real property that Jeffries used as her principal dwelling."); *Davis v. Bridgecrest Acceptance Corp.*, No. 4:21-cv-0554-NKL, 2022 U.S. Dist. LEXIS 66279, at *9 (W.D. Mo. Apr. 11, 2022) (similar).

### 5.   Plaintiff's Unspecified TILA Claims Should Be Rejected.

Finally, Plaintiff alleges (at 2–3) that the Agreement is false or misleading. To the extent these generic assertions were intended to refer to the issues discussed above, they fail for the reasons set forth above. [*Supra* pp. 2–7.] To the extent Plaintiff is referencing something else, her claim fails because she is unable to specify what is misleading or false about the Agreement. Plaintiff's conclusory allegation thus cannot state a claim. *See Zimmerman v. Logemann*, No. 09-cv-210-slc, 2009 U.S. Dist. LEXIS 111411, at **12–15 (W.D. Wis. Nov. 30, 2009) (dismissing plaintiffs' TILA claim because plaintiffs "do not identify what defendants failed to do or disclose"); *see also Rasul v. American Lending*, No. 08-15134, 2009 U.S. Dist. LEXIS 2963, at *5 (E.D. Mich. Jan. 15, 2009) ("[T]o the extent that Plaintiff alleges fraud in connection with TILA, Plaintiff did not state 'with particularity the circumstances constituting fraud.'").

### B.   Plaintiff's Procedural Arguments Also Lack Merit.

Plaintiff also asserts that Carvana's counsel (1) was not "present during the consumer credit transaction that took place[,]" and (2) "never addressed the administrative process conducted by an officer of the state and/or a notary republic, and has no defense as to the validity of, and substance of its contents." [Pl's. Resp. at 1.] Plaintiff thus contends that the allegations in her Complaint and affidavit must "stand as truth." [*Id.*]

No authority, however, requires an attorney to be physically present at the events giving rise to a claim to prevail on a motion to dismiss. Nor does a motion to dismiss have to be notarized or verified through an "administrative process conducted by an officer of the state." *Compare* E.D. Mo. L.R. 2.5(c) ("The Clerk shall return any complaint or petition that is submitted for filing *in forma pauperis* which is not accompanied by an affidavit as required by 28 U.S.C. § 1915(a).") *with El v. San Diego Unified Sch. Dist.*, No.

7

20-CV-00257-AJB-AGS, 2021 U.S. Dist. LEXIS 143952, at *6 (S.D. Cal. June 29, 2021) *aff'd*, No. 21-55805, 2022 U.S. App. LEXIS 14772 (9th Cir. May 27, 2022) ("There is no requirement that Defendant's motion to dismiss pursuant to Rule 12(b)(6) be verified.").

Rather, this Court is not to accept Plaintiff's conclusory allegations as true where, as here, they are contradicted by documents attached to the complaint. [*Supra* Sections A.1–A.5]; *see McCarty v. Dana Holding Corp.*, No. 4:08-CV-690 (CEJ), 2008 U.S. Dist. LEXIS 90689, at *8 (E.D. Mo. Nov. 7, 2008) ("We are not required to accept as true conclusory allegations which are contradicted by documents referred to in the Complaint."). Nor are legal conclusions, such as those in Plaintiff's Complaint and Affidavit, accepted as true. *See Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 373 (8th Cir. 2016) ("We do not accept as true any 'legal conclusion couched as a factual allegation.'"). Plaintiff's procedural arguments thus cannot save her complaint.

### C. Plaintiff's Motion For A More Definite Statement Is Inconsistent With The Federal Rules Of Civil Procedure.

Plaintiff also requests a more definite statement under Federal Rule of Civil Procedure 12(e), including, but not limited to, (1) "[t]he original contract between the plaintiff and defendant that bears the plaintiff wet signature[,]" (2) an "[a]udit trail (Full accounting history of the account, account ledger)[,]" and (3) "[d]ebt validation pursuant to 15 U.S. Code 1693g (a) (1-5)." [*See* Pl's. 12(e) Mot. at 1.]

But Rule 12(e) addresses when a "party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." A motion to dismiss, however, is not such a "pleading" under the federal rules. *Nevius v. Tomlinson*, No. 2:13-CV-04228-NKL, 2014 U.S. Dist. LEXIS 94543, at **1–2 (W.D. Mo. July 7, 2014) (stating that a Rule 12(e) motion can only be directed to a "pleading" as that term is defined by Rule 7(a)); *Metropolitan Cas. Ins. Co. v. Combs*, No. 4:13-CV-1813 CAS, 2014 U.S. Dist. LEXIS 32594, at **4–5 (E.D. Mo. Mar. 13, 2014) (holding that a motion to dismiss is not a

8

pleading). Missouri courts thus reject Rule 12(e) motions directed at motions to dismiss. *See, e.g.*, *Wilson v. Jefferson Cnty.,* No. 4:18-CV-1957 CAS, 2019 U.S. Dist. LEXIS 86010, at *3 (E.D. Mo. May 22, 2019) ("Under the plain language of the Federal Rules, plaintiff cannot move for a more definite statement of defendants' motion to dismiss.").

Plaintiff's motion is also substantively flawed. A Rule 12(e) motion is reserved for situations where a pleading is "so vague or ambiguous that [she] cannot reasonably prepare a response." Fed. R. Civ. P 12(e). Nothing in Plaintiff's 12(e) motion is targeted to respond to Carvana's motion. Indeed, Plaintiff requests "[t]he original contract between the plaintiff and defendant that bears the plaintiff wet signature," but Plaintiff admitted to entering into the contract and attached it to her Complaint. [Exs. A–D to Compl.] Plaintiff also requests an accounting and debt validation under 15 U.S.C. § 1692g. [Pl's. 12(e) Mot. at 1.] But these requests plainly relate to Plaintiff's FDCPA claim that this Court already dismissed, as 15 U.S.C. § 1692g is part of the FDCPA. [*See* Opinion.] Plaintiff's 12(e) motion is thus not only procedurally improper, but also does not demonstrate a need for such information to respond to Carvana's motion. *Niekamp v. State,* No. 20-4075-CV-C-WJE, 2020 U.S. Dist. LEXIS 162657, at *5 (W.D. Mo. Sep. 4, 2020) (explaining that a 12(e) motion is only appropriate where "a party cannot determine the issues he must meet, or where there is a major ambiguity or omission in the complaint such that the complaint is unanswerable").

## Conclusion

For all of these reasons, Carvana respectfully requests that this Court grant Carvana's motion to dismiss with prejudice and deny Plaintiff's 12(e) motion.

9

Respectfully submitted,

**GM Law PC**

*/s/     David B. Helms*
David B. Helms #48941(MO)
8000 Maryland Avenue, Suite 1060
Saint Louis, MO 63105
(314) 474-5145 (Telephone)
(816) 471-2221 (Facsimile)
Davidh@gmlawpc.com
***Attorney for Defendant***

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of July 2022, a copy of the foregoing was e-filed with the Court's electronic filing system, which sent notice of the filing to all counsel of record.

                */s/ David B. Helms*
                ***Attorney for Defendant***