UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHARNEE ANDERSON, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 4:21CV1173 HEA ) |
| CARVANA, | ) ) |
| Defendants. | ) ) |

### OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss, [Doc. No. 9]. Plaintiff opposes the Motion. Defendant has filed a reply to Plaintiff's opposition. For the reasons set forth below, the Motion will be granted.

### Facts and Background[1]

Plaintiff's *pro se* Complaint was brought against defendant Carvana under the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601, et seq., and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692a, et seq. Plaintiff states that she applied for credit from defendant and purchased from defendant a 2020 Hyundai Santa Fe. She states that upon review of her contract, she discovered the finance charge was not properly assessed and the contract was fraudulent. She

---

[1] The recitation of facts is taken from Plaintiff's Petition and are set forth for the purposes of this Opinion, Memorandum, and Order only, and in no way relieve the parties of the necessary proof thereof in any later proceedings.

states further that defendant furnished false and deceptive forms, did not include the right-of-recission disclosure requirement on the contract, and collected an illegal down payment. For relief she seeks $115,636.78 in damages.

On April 14, 2022, the Court dismissed Plaintiff's FDCPA claim. Defendant now seeks dismissal of Plaintiff's TILA claim for failure to state a claim.

## Standard of Review

A claim may be dismissed if it fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss, the Court "must accept as true all of the complaint's factual allegations and view them in the light most favorable to the Plaintiff[ ]." *Stodghill v. Wellston School Dist.*, 512 F.3d 472, 476 (8th Cir. 2008). However, "the Court is not bound to accept as true a legal conclusion couched as a factual allegation." *Warmington v. Bd. of Regents of Univ. of Minn.*, 998 F.3d 789, 796 (8th Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The Plaintiff need not demonstrate the claim is probable, only that it is more than just possible. *Id.*

2

In reviewing the complaint, the Court construes it liberally and draws all reasonable inferences from the facts in Plaintiff's favor. *Monson v. Drug Enforcement Admin.*, 589 F.3d 952, 961 (8th Cir. 2009). The Court generally ignores materials outside the pleadings but may consider materials that are part of the public record or materials that are necessarily embraced by the pleadings. *Miller v. Toxicology Lab. Inc.*, 688 F.3d 928, 931 (8th Cir. 2012). Matters necessarily embraced by the pleadings include "matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned." *Zean v. Fairview Health Servs.*, 858 F.3d 520, 526 (8th Cir. 2017) (quoting *Miller*, 688 F.3d at 931 n.3).

## Discussion

Defendant sets forth the provisions of the TILA on which Plaintiff relies and correctly argues the alleged facts fail to raise triable claims under the TILA. Plaintiff claims Defendant is criminally liable pursuant to 15 U.S.C. § 1611, claiming that Defendant knowingly and willfully created forms that do not fully disclose the Truth in Lending disclosures.  As Defendant correctly argues, Section 1611 does not provide a private cause of action. The TILA "imposes criminal liability and does not create a private right of action." *See Timm v. Wells Fargo Bank, N.A.*, 701 Fed. App'x 171, 175 (3d Cir. 2017); *McCoy v. Merck Sharp &*

3

*Dohme Fed. Credit Union*, No. 21-CV-4550, 2022 WL 138071, at *4 (E.D. Pa. Jan. 14, 2022).

Plaintiff claims Defendant violated Section 1605(a) by not using the finance charge as the sum of all charges.  Defendant is again correct in its argument that its disclosure of the finance charge tracks the model finance charge disclosure provided pursuant to Section 1026.18 of Regulation Z.  12 C.F.R. § 1026.18(d) requires the creditor to "disclose the finance charge as a dollar amount, using the term finance charge" and include a "brief description such as 'the dollar amount the credit will cost you.'" 12 C.F.R. § 1026.18(d).  Defendant did exactly as required under the Code of Federal Regulations, by stating in the Disclosure that the finance charge is the dollar amount the credit will cost and listing the exact amount.

Plaintiff also claims Defendant is in violation of 15 U.S.C. § 1662(2) because it required a down payment.  This statute does not prohibit a down payment. It provides:

> No advertisement to aid, promote, or assist directly or indirectly any extension of consumer credit may state
>
> **(1)** that a specific periodic consumer credit amount or installment amount can be arranged, unless the creditor usually and customarily arranges credit payments or installments for that period and in that amount.
> **(2)** that a specified downpayment is required in connection with any extension of consumer credit, unless the creditor usually and customarily arranges downpayments in that amount.

4

15 U.S.C.A. § 1662. Clearly, the statute relates to advertisements, not downpayments.

Plaintiff attempts to state a claim for violation of Section 1605(a)(5). She claims that Defendant violated this provision by not including the insurance premium in the finance charge. 12 C.F.R. § 1026.4(d)(2)(ii) provides:

> (ii) If the coverage is obtained from or through the creditor, the premium for the initial term of insurance coverage shall be disclosed. If the term of insurance is less than the term of the transaction, the term of insurance shall also be disclosed. The premium may be disclosed on a unit-cost basis only in open-end credit transactions, closed-end credit transactions by mail or telephone under § 1026.17(g), and certain closed-end credit transactions involving an insurance plan that limits the total amount of indebtedness subject to coverage.

12 C.F.R. § 1026.4(d)(2)(ii). Plaintiff does not claim coverage was obtained from Defendant, therefore there was nothing for Defendant to disclose.

Plaintiff alleges Defendant violated 15 U.S.C. § 1635 by not providing her with a right of rescission information. Rescission forms are only required when a security interest in a consumer's principal dwelling is taken.

> (a) Consumer's right to rescind.
>
> (1) In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (f) of this section. For purposes of this section, the addition to an existing obligation of a security interest in a consumer's principal dwelling is a transaction. The right of rescission applies only to the addition of the security interest and not the existing obligation. The creditor shall deliver the notice required by paragraph (b) of this section but need not deliver new

5

material disclosures. Delivery of the required notice shall begin the rescission period.

12 C.F.R. § 1026.23(a)(1).

Defendant correctly argues that Plaintiff's inclusion of 15 U.S.C. § 1640 does not raise a cause of action.  Section 1640 does not provide a separate cause of action; it concerns damages.

## Conclusion

Plaintiff's Complaint fails to set forth any allegations giving rise to a cause of action against Defendant. Plaintiff's Complaint cannot survive the Motion to Dismiss challenge.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's  Motion to Dismiss, [Doc. No. 9] is **GRANTED**.

**IT IS FURTHER ORDERED** that this matter is dismissed.

An appropriate Order of Dismissal is entered this same date.

Dated this 24th day of October 2022.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE